Argued January 21, affirmed February 11, 1974

NEATHAMER, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 73-363-L), *Appellant.*

518 P2d 1051

*Al J. Laue,* Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief
were Lee Johnson, Attorney General, and W. Michael
Gillette, Solicitor General, Salem.

*David R. Vandenberg, Jr.,* Klamath Falls, argued
the cause for respondent. With him on the brief were
Vandenberg and Brandsness, Klamath Falls.

Before Schwab, Chief Judge, and Foley and Tanzer, Judges.

SCHWAB, C. J.

Defendant State Industrial Accident Commission appeals from an order finding that claimant had suffered aggravation of a previous compensable injury.

On August 7, 1968, claimant, while in the course of his employment, was struck in the back by a log. He suffered possible rib fractures, injuries to his left arm and shoulder and contusions on his back. His back injury appeared to be minimal and the claim was closed on May 1, 1970, with a permanent partial disability award for the injuries to his left arm and shoulder, but no award for injury to his back, the hearing officer stating in his order:

"* * * I find no disability of the low back area in anyway shown to be related to the industrial injury."

Claimant appealed to the Workmen's Compensation Board, but later withdrew the appeal.

When claimant's claim was closed he was referred to the Physical Rehabilitation Center. In November of 1971, apparently because of complaints about his back, his rehabilitation counselor referred him to Dr. Darrell Weinman, an orthopedist. Dr. Weinman thereafter wrote a report which stated that claimant had a congenital malformation of his lumbosacral spine which had been aggravated by the logging accident and which became symptomatic during physical activities such as lifting or being jolted while seated. His recommendations were rehabilitation to a type of work not involving lifting, walking over rough ground or being jolted while

seated. The doctor further recommended that if such work could not be found there should be further treatment in the form of immobilization of the back and perhaps a spinal fusion.

Thereafter claimant filed this claim for aggravation which was denied. Upon hearing, the hearing officer affirmed the denial. The Workmen's Compensation Board reversed, finding that there was an aggravation, and the circuit judge affirmed the Board. We agree with the Workmen's Compensation Board and the trial judge.

In his opinion and order the hearing officer noted Dr. Weinman's report, but did not discuss it. The hearing officer placed great weight on the fact that claimant's doctors had not reported complaints by claimant of low back pains between the time of the accident and December of 1969—a period of 16 months. We note that the claimant himself did complain of low back pains at the hearing at which he was given a disability award for the other injuries. We also note that prior to the 1968 accident claimant had worked steadily for six years for the same employer as a catskinner and had no record of any previous trouble with his back. Essentially, the hearing officer said that he did not believe that any injury which did not produce any symptoms for 16 months thereafter became symptomatic. He may be correct. Nevertheless, the question by its very nature is one which lay fact-finders can resolve only by relying heavily on medical opinion. The State Accident Insurance Fund could have had the claimant examined by some other doctor, but chose not to do so. Our verdict is that Dr. Weinman's uncontroverted opinion makes the evidence preponderate in favor of claimant.

Affirmed.