Argued January 17, affirmed February 4, reconsideration denied
March 5, petition for review denied March 27, 1975

## VERMENT (No. 400-670), *Appellant, v.*
## NORDSTROM-BEST, *Respondent.*

### 531 P2d 288

*Alan M. Scott,* Portland, argued the cause for appellant. With him on the brief were Gary M. Galton and Galton & Popick, Portland.

*Richard William Davis,* Portland, argued the cause for respondent. With him on the brief were Lindsay, Nahstoll, Hart, Duncan, Dafoe & Krause, Portland.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Claimant was employed as a shoe salesman for Nordstrom-Best, Inc., and suffered an on-the-job injury to his right arm and shoulder on May 6, 1971. His claim was accepted and he received treatment for this injury, including surgical excision of the long head of the right biceps tendon. About December 1972, approximately 19 months after the arm-shoulder injury, claimant first notified employer's insurance carrier that he was suffering from back pain which he associated with his injury of May 6, 1971. The carrier denied liability for the back injury. The hearing officer affirmed the denial as did the Workmen's Compensation Board and the circuit court. Claimant appeals.

While it is true that claimant's treating doctor, Dr. Robert A. Berselli, orthopedist, gave a report which stated that he thought claimant's back pain was related to his fall at work in May of 1971, Dr. Berselli testified at the hearing on the partial denial (denial of the low back claim) that no complaint of back involvement had been made to him by claimant until January 12, 1973 (20 months after the compensable accident) although claimant testified his back had been hurting him during this period. Dr. Berselli acknowledged that his opinion on the causal connection was

based only upon the history given him by claimant. Dr. Berselli's medical reports did not indicate any objective evidence of back injury or symptoms. While the 19-20 months' lapse before mentioning his symptoms is not controlling, *see Neathamer v. SAIF*, 16 Or App 402, 518 P2d 1051 (1974), it has some persuasion. Claimant was examined and treated by several doctors over the period of 19-20 months. No evidence of claimant's alleged work-connected back problem was revealed as a result of these examinations.

■ We agree with the hearing officer, the Board and the circuit court that the claimant has failed to sustain his burden of proving causal connection between his present back complaints and the accident of May 1971.

Affirmed.