Argued and submitted January 6, reversed, referee's order reinstated May 9, 1984

In the Matter of the Compensation of
Gerhard von Kohlbeck, Claimant.

von KOHLBECK,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(82-03170, 82-08310; CA A28533)

680 P2d 1026

Leo R. Probst, Portland, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, SAIF, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant appeals an order of the Workers' Compensation Board that reversed the referee and upheld the employer's denial of claimant's back condition. We reverse and reinstate the referee's order.

Claimant had a history of occasional back problems since 1964 that involved merely an ache is his lower right side after heavy labor and would disappear the next day. Claimant never saw a doctor for his back condition and had no back problems from 1978 until 1982. He was employed as a grounds keeper and maintenance man. On January 8, 1982, the bleachers on which he was walking moved, his foot was caught and he fell over backwards to the gym floor. Claimant worked with no problems after that accident until January 11, 1982, when he was putting plywood down for flooring and found that he could not straighten up. He saw Dr. Perry on January 18, 1982. X-rays revealed that he has degenerative disc disease and osteoarthritic spurring of lumbar bodies. Dr. Perry concluded:

"* * * I think that there is no question that there was a pre-existing back problem but that the injury [in January, 1982] certainly aggrevated [sic] a basically degenerative condition."

Dr. Perry noted that no objective evidence of a worsening due to the accidents can be obtained, because there were no x-rays taken before the accidents.

Dr. Perry referred claimant to Dr. Parsons, who concluded that claimant's complaints in March, 1982, were related to his January, 1982, accidents. Dr. Parsons further stated that the 1982 injuries had caused pain at the site of pre-existing arthritic changes but did not worsen the arthritis. The employer presented no reliable medical evidence indicating that claimant's current condition was not related to the industrial accidents.[1]

We find that claimant has met his burden of proving a causal connection between the accidents and his current

---

[1] Employer did submit a report by Dr. Noall that said that the accidents were not related to claimant's current condition. However, the history in the report indicates that Dr. Noall believed that the accidents had occurred six years before the pain instead of six days. Therefore, that report is of no probative value. *Miller v. Granite Construction Co.,* 28 Or App 473, 476, 559 P2d 944 (1977).

disability by a preponderance of the evidence. *Verment v. Nordstrom-Best,* 20 Or App 261, 531 P2d 288, *rev den* (1975). The Board held that claimant had only proven an increase in pain as a result of the accidents and concluded: "An increase in symptomatology without a concomitant worsening of the underlying condition is not compensable." After the Board order, the Supreme Court considered the compensability of pain and held:

> "* * * Pain is compensable only if it results in impairment of the function of the body and therefore pain must be considered when that determination is made. * * *" *Harwell v. Argonaut Insurance Co.,* 296 Or 505, 510, 678 P2d 1202 (1984).

Both Dr. Perry and Dr. Parsons agree that the accidents resulted in an increase in claimant's pain. He was totally asymptomatic for five years before the injuries and has been unable to work due to back pain since the injuries. Clearly, claimant's disabling pain results in an impairment of the function of his body and the injury is compensable. The Board erred in affirming the employer's denial of claimant's back condition.

Reversed; referee's order reinstated.