In the Matter of the Compensation of
Stephen L. Dokey, Claimant.
DERRYBERRY et al,
*Petitioners,*

*v.*

DOKEY et al,
*Respondents.*

(WCB 83-11194; CA A42841)

756 P2d 1255

Allan Muir, Portland, argued the cause for petitioners. On the brief were Ridgeway K. Foley, Jr., P.C., Brian M. Perko, Christopher B. Rounds and Schwabe, Williamson & Wyatt, Portland.

David R. Barrow, Portland, argued the cause for respondent Dokey. With him on the brief were David R. Barrow, J. Michael Casey and Victor Calzaretta, Portland.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Darrell E. Bewley, Assistant Attorney General, Salem, filed the brief for respondent SAIF Corporation.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Young, J., deceased.

## JOSEPH, C. J.

The Derryberrys seek review of an order of the Workers' Compensation Board, which found that they are noncomplying employers and held that *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), prevents them from denying the compensability of a claim which SAIF, acting pursuant to its obligation to process claims on behalf of noncomplying employers, had accepted. We review *de novo* and, for reasons different from those stated in the Board's order, affirm the Board.

The Derryberrys own and operate furniture stores and a trucking business. Mrs. Derryberry called SAIF in July, 1983, to request workers' compensation insurance coverage. The person to whom she spoke told her that there would be "no problem" in obtaining insurance coverage. They received an application and mailed it to SAIF in August, 1983. Mrs. Derryberry was aware of language in the application that coverage would not be effective until it was accepted by SAIF; she did not believe that the language meant anything. Instead, she believed that she had a binder for coverage, effective when SAIF received the application. SAIF contends that it never received the application. In a telephone conversation on August 31, 1983, a SAIF employe told Mr. Derryberry that SAIF would not insure them.

On August 23, 1983, the Derryberrys hired claimant and his wife to load, unload and deliver furniture. On August 26, claimant allegedly injured his back, arms, neck and shoulders while unloading merchandise at the Derryberrys' warehouse. On September 23, claimant filed a claim with SAIF. The compliance division of the Workers' Compensation Department (Department) initiated an investigation of the Derryberrys the same day. The investigator spoke to the Derryberrys and informed them of the injury and claim.

On October 12, the Department sent the Derryberrys an order of noncompliance. SAIF accepted the claim on October 26, 1983. *See* ORS 656.054(1).[1] It notified the Derryberrys of the acceptance on October 27, 1983, and informed them that they were entitled to a hearing on the

---

[1] All citations in this opinion are to the statutes in effect at times pertinent to the facts.

issue of compensability, if they requested it within 60 days. *See former* OAR 436-80-060(1)(d). In a letter to the Department dated November 4, 1983, the Derryberrys requested a hearing on the issues of whether they were complying employers, whether claimant was a subject worker and the compensability of the claim. As far as the record reveals, that letter was not sent to SAIF or to claimant.

The hearing was held in May, 1984, and the record was closed in January, 1985. The referee concluded that the Derryberrys were noncomplying employers and that claimant's claim was compensable. On review, the Board agreed that the Derryberrys were noncomplying but found that the claim is not compensable on its facts. The Board concluded, however, that *Bauman v. SAIF, supra,* precludes denial of the previously accepted claim.[2]

■ If the Derryberrys were noncomplying employers, SAIF had authority to accept the claim. They contend that SAIF gave an oral binder when a SAIF employe told Mrs. Derryberry that "there would be no problem obtaining coverage." We disagree. SAIF did not promise coverage but, if anything, said only that there "would be" no problem in obtaining coverage. That statement is not sufficiently definite to give rise to a promissory estoppel. After reviewing the whole record, we agree with the Board that the Derryberrys are noncomplying employers.

■ The next issue has been presented as whether the rule in *Bauman v. SAIF, supra,* applies to noncomplying employers. We need not address that issue, however, because the Derryberrys never properly denied the claim. A denial must, *inter alia,* inform the claimant of hearing rights and be mailed to the claimant. *Former* ORS 656.262(8). The Derryberrys assert that their November 4, 1983, letter to the Department denied the claim. That letter makes no mention of hearing rights and, so far as the record reveals, was never

---

[2] One Board member dissented from the part of the Board's order applying *Bauman,* arguing that that application violates the Derryberrys' due process rights.

mailed to claimant. It was not a denial.[3] Because SAIF properly accepted the claim and no party has ever properly denied it, claimant is entitled to compensation.[4]

Affirmed.

---

[3] SAIF also never denied the claim.

[4] The Derryberrys claim that application of *Bauman* would result in a denial of due process. *See* n 2, *supra.* Because *Bauman* is not the basis of our decision, we need not address the due process argument. The effect of our decision is to make the Derryberrys liable for a claim which they never accepted or agreed with. That is the consequence, however, of their failure to obtain workers' compensation insurance. *See* ORS 656.054(1).