Argued and submitted July 10, reversed and remanded for determination of
compensibility September 13, 1989

In the Matter of the Compensation of
Lucy Linn, Claimant, and
In the Matter of the Complying Status of
Lee Ann Clark, dba Shear Sunshine, Employer.

CLARK,
dba Shear Sunshine,
*Petitioner,*

*v.*

LINN et al,
*Respondents.*

(85-07139; CA A50436)

779 P2d 203

Richard Wm. Davis, Portland, argued the cause for and filed the brief for petitioner.

Robert E. Nelson, Gresham, argued the cause and filed the brief for respondent Lucy Linn.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of an order of the Workers' Compensation Board determining that she is a noncomplying employer and holding that she is not entitled to contest the compensability of the claim, because she failed to deny it properly. We reverse and remand.

Claimant injured her back in January, 1985, while working as a dog groomer, and filed a claim in March, 1985. On April 4, 1985, employer indicated on the form that the claim was denied. On April 17, 1985, the Workers' Compensation Department issued an order declaring employer to be a noncomplying employer. ORS 656.052(2). Employer appealed the Department's order by a letter dated April 25, 1985, contesting the determination that she was noncomplying and asserting that the claim was not compensable. Employer mailed a copy of the letter to claimant, but did not advise her of her hearing rights on a denied claim. ORS 656.262(8). On May 2, 1985, SAIF Corporation accepted the claim and notified employer by letter that she had a right, pursuant to ORS 656.283(1), to request a hearing if she believed that the claim was not compensable. OAR 436-80-060(1). On May 17, 1985, employer requested a hearing on the question of compensability. She did not mail a copy of that request to claimant; however, claimant and her attorney appeared at, and participated in, the hearing.

The referee determined that employer was a noncomplying employer and, finding that claimant was not credible, decided that the claim was not compensable. He set aside SAIF's acceptance. Claimant appealed to the Board. Employer did not challenge the referee's determination that she is a noncomplying employer. She argued only that the claim is not compensable. The Board did not reach the merits of the question of compensability. It determined only that, because employer had never sent claimant a notice advising her of her right to a hearing on a denied claim, employer had never properly denied the claim and could not now contest its compensability. It held that claimant was entitled to compensation in spite of the referee's finding that the claim was not compensable.

In reaching its result, the Board relied on our opinion in *Derryberry v. Dokey,* 91 Or App 533, 756 P2d 1255, *rev den*

306 Or 661 (1988). There, the claimant contended that *Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983), prevented the noncomplying employer from denying a claim that SAIF, acting pursuant to its statutory obligation to process the claim, had accepted. We did not decide that question, because neither the noncomplying employer nor SAIF had denied the claim; therefore, we held that SAIF's acceptance stood.

It is apparent from our opinion in *Derryberry v. Dokey, supra,* that the statutory scheme relating to the processing of claims against a noncomplying employer was not argued or brought to our attention or recognized by us. Here, it has been reviewed thoroughly by both employer and SAIF, which agrees with employer that the Board erred. It is clear that the statutes and administrative rules provide that it is SAIF's responsibility to accept or deny a claim against a noncomplying employer. If SAIF denies the claim, the claimant has the right to a hearing; if it is accepted, the employer has that right.

ORS 656.054(1) provides:

"A compensable injury to a subject worker while in the employ of a noncomplying employer is compensable to the same extent as if the employer had complied with ORS 656.001 to 656.794. * * * A claim for compensation made by such a worker shall be processed by the State Accident Insurance Fund Corporation in the same manner as a claim made by a worker employed by a carrier-insured employer * * *."

At the relevant time, OAR 436-80-010 provided in part:

"When it comes to the attention of [the Compliance Section of the Workers' Compensation Division of the Department of Insurance and Finance] that an employer, who is a subject employer, had failed to provide workers' compensation coverage for subject workers, Compliance shall issue an order, stating the pertinent facts, and declaring the employer to be a noncomplying employer."

OAR 436-80-060(1) provided:

"When Compliance issues an order under OAR 436-80-010 declaring an employer a noncomplying employer, if a subject worker has filed a claim for an injury sustained during the period of noncompliance while the worker was employed by such employer:

"(a) Compliance shall refer the claim with a copy of the

order and the results of its investigation to the [State Accident Insurance] Fund for processing as required by ORS 656.054;

"(b)   Compliance shall inform the worker that the claim has been referred to the Fund;

"(c)   When the Fund accepts or denies the claim, it shall notify the claimant, employer and compliance of its action within the time required by ORS 656.262; and

"(d)   The notice shall also inform each party of the right to a hearing under ORS 656.283 on questions of compensability."

Once the Compliance Section determined that employer was a noncomplying employer, SAIF was required to accept or deny the claim. ORS 656.054; OAR 436-80-60. If SAIF denied the claim, it was required to inform claimant of her hearing rights. ORS 656.262(8); OAR 436-80-060. If SAIF accepted the claim, as it did here, it was required to notify employer of her right to a hearing under ORS 656.283(1)[1] to contest compensability. OAR 436-80-060(1)(d). Employer requested a hearing pursuant to ORS 656.283 and is entitled to have the question of compensability determined. Whether or not employer properly denied the claim pursuant to ORS 656.262 is irrelevant; that was SAIF"s responsibility. Her right to litigate the compensability of the claim does not arise from ORS 656.262(8), but from ORS 656.283(1) and OAR 436-80-060(1)(d). To the extent that *Derryberry v. Dokey, supra,* suggests a contrary result, it is disapproved.[2] We conclude, therefore, that the Board erred in failing to address the question of compensability.

Reversed and remanded for determination of compensability.

---

[1] ORS 656.283(1) provides:

"Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim."

[2] We note a factual distinction from *Derryberry,* in which a copy of the employer's letter to the Compliance Division was not sent to the claimant; here, employer sent a copy of its letter contesting compensability to claimant. Our rationale, however, makes the distinction immaterial.