Argued and submitted January 22, reversed and remanded April 25, 1990

In the Matter of the Compensation of
Beverly J. Martinez, Claimant,
*and*
In the Matter of the non-complying status of
Shirley Horgen, dba The Lollipop Tree, Employer.

HORGEN,
dba The Lollipop Tree,
*Petitioner,*

*v.*

MARTINEZ et al,
*Respondents.*

(WCB 87-16874; CA A61195)

790 P2d 1195

W. Brad Coleman, Salem, argued the case and filed the brief for petitioner.

Richard M. Walsh, Salem, argued the cause for respondent Beverly J. Martinez. With him on the brief was Olson, Rowell & Walsh, Salem.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

**RIGGS, J.**

Employer seeks review of a Workers' Compensation Board order that concluded that employer cannot challenge the compensability of a claim, because it failed to issue a proper denial. We reverse and remand.

Claimant injured her shoulder in May, 1987, and filed a claim on September 8, 1987. On September 29, 1987, the Workers' Compensation Department issued an order declaring the employer non-complying. By a letter, dated October 18, 1987, the employer requested a hearing, pursuant to ORS 656.283(1),[1] to contest the compensability of "any injury" to claimant. Employer did not send a copy of the letter to claimant.[2] On November 25, SAIF accepted the claim and notified employer that it could request a hearing on the compensability issue within 60 days. Claimant and her attorney appeared at and participated in the February 26, 1988, hearing, fully litigating the issue of compensability.

The referee found that claimant was not credible and concluded that the claim was not compensable. Claimant appealed to the Board, which, relying on *Derryberry v. Dokey,* 91 Or App 533, 756 P2d 1255, *rev den* 306 Or 661 (1988), concluded that employer could not litigate the issue of compensability, because it had improperly denied the claim. After the Board issued its decision, we expressly disapproved the relevant language in *Derryberry* in *Clark v. Linn,* 98 Or App 393, 779 P2d 203 (1989).

In *Clark,* we held:

"It is clear that the statutes and administrative rules provide that it is SAIF's responsibility to accept or deny a claim against a non-complying employer. * * * Employer requested a hearing pursuant to ORS 656.283 and is entitled to have the question of compensability determined. Whether or not employer properly denied the claim pursuant to ORS 656.262

---

[1] ORS 656.283(1) provides, in pertinent part:

"Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim."

[2] However, the Hearings Division did send claimant a copy of a letter acknowledging receipt of employer's hearing request. Claimant was also sent copies of several letters that the Hearings Division sent to employer regarding the time, date and various postponements of the hearing.

is irrelevant; that was SAIF's responsibility. Her right to litigate the compensability of the claim does not arise from ORS 656.262(8), but from ORS 656.283(1) and OAR 436-80-060(1)(d)." 98 Or App at 396-97.

In the light of *Clark,* the Board erred in concluding that employer could not contest SAIF's acceptance of the claim and litigate the issue of compensability.

Reversed and remanded.