Argued and submitted January 18, reversed April 17, 1985

# BROWN,
*Respondent,*

*v.*

# BUNCH TIRE BAILER, INC. et al,
*Appellants,*

# ARMSTRONG,
*Respondent.*

(40 972; CA A31868)

698 P2d 522

Brian W. O'Brien, Portland, argued the cause and filed the brief for appellants.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent William J. Brown, Director, Workers' Compensation Department. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent Steve Armstrong.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

This is an appeal from an order granting summary judgment in favor of plaintiff, the Director of the Workers' Compensation Department (Department), and directing defendant, Bunch Tire Bailers, Inc. (Bunch Tire), to reimburse the State Accident Insurance Fund Corporation for certain sums that were paid to a claimant who was injured while allegedly employed by defendant. We reverse.

On January 30, 1978, Bunch Tire received a notice of a "Proposed and Final Order" issued by the Compliance Division of the Department on December 15, 1977, declaring Bunch Tire a noncomplying employer. *See* ORS 656.017, 656.023, 656.027. The notice informed Bunch Tire that a hearing could be requested if it disagreed with the Division's findings.[1] Bunch Tire requested a hearing; receipt of the request was acknowledged by the Hearings Division of the Workers' Compensation Board by a letter dated March 15, 1978. Although the letter stated that scheduling and notice of a hearing would "issue in due course," Bunch Tire did not hear from the Hearings Division until nearly a year later, on March 5, 1979. At that time, the Hearings Division sent a letter to defendant and asked for a "status report on [the] case"; Bunch Tire did not reply. On April 5, 1979, the Hearings Division sent another letter, asking Bunch Tire to respond to the letter of March 5, 1979; Bunch Tire again did not answer.

Approximately 17 months after Bunch Tire had originally requested a hearing, the Hearings Division issued an order, dated August 31, 1979, requiring Bunch Tire to show cause within 30 days why the "case should not be dismissed as abandoned." Bunch Tire did not answer the order, and the Hearings Division consequently dismissed the case on October 2, 1979.

Before and during the events described, the claimant in this case (Armstrong) had filed a claim for an industrial injury allegedly suffered while in the employ of defendant. The claim was sent for processing to SAIF and was accepted. Following acceptance, SAIF paid $5,799.45 to claimant and,

---

[1] The Compliance Division had investigated defendant as the result of a claim filed by the claimant in this case. Claimant alleged that he was an employe of Bunch Tire and had been injured while working for it.

pursuant to ORS 656.054,[2] sought to recover from defendant the amount expended. Defendant refused to reimburse the Department or SAIF, arguing that a final determination had not been entered regarding its status as an employer. Plaintiff then brought this action in circuit court to recover the sum allegedly owed. The court granted plaintiff's motion for summary judgment; a judgment was entered directing defendant to reimburse plaintiff in the amount of $5,407.88. This appeal followed.

■ The dispositive issue in this case is whether a valid final order was issued declaring defendant to be a noncomplying employer under ORS 656.740. If a proper final determination of defendant's status was not made, the case must be reversed. Defendant's principal argument is that the order declaring it to be a noncomplying employer never took effect and that entry of summary judgment in favor of plaintiff was therefore in error. We agree with defendant that the order did not become a final order.[3]

ORS 656.740(1) (*amended by* Or Laws 1983, ch 816, § 14) provides, in pertinent part:

> "A person may contest a proposed order of the director declaring that person to be a noncomplying employer * * * by filing with the department, within 20 days of receipt of notice thereof, a written request for a hearing. Such a request need not be in any particular form, but shall specify the grounds upon which the person contests the proposed order * * *."[4]

ORS 656.740(3) provides, in pertinent part:

> "A hearing relating to a proposed order declaring a person to be a noncomplying employer * * * *shall be held* by a referee of the board's Hearing Division; but a hearing shall not be granted unless a request for hearing is filed within the period

---

[2] ORS 656.054(3) provides, in pertinent part:

"In addition to, and not in lieu of, any civil penalties, * * * all costs to the Industrial Accident Fund of a claim * * * shall be a liability of the noncomplying employer. * * * The director shall recover such costs from the employer."

[3] Bunch Tire seeks support under the APA, ORS 183.310 *et seq,* for its argument that the order is not a final order. However, the APA was not made applicable to this kind of proceeding until 1983 and therefore was not binding on the Department at the time the order was issued. Or Laws 1983, ch 816, § 14.

[4] It is undisputed that Bunch Tire complied with the statute in a timely fashion and that the Department acknowledged receiving the request for a hearing.

specified * * * and if a request for hearing is not so filed, the order * * * as proposed shall be a final order of the department and shall not be subject to review by any agency or court." (Emphasis supplied.)

■ The unambiguous language of the statute mandates a hearing by a referee if a request for hearing is filed within 20 days. Only if a request is not filed will an order automatically become final. Because defendant filed a request, thereby fulfilling its obligation under the statute, the proposed order of noncompliance did not become final, unless the Department was otherwise authorized to escape from complying with the statute.

■ The Department argues that Bunch Tire failed to respond to the order to show cause and that the case was thus properly dismissed as abandoned. The Department apparently relies on OAR 436-83-310 for its position, but that reliance is misplaced. OAR 436-83-310 was promulgated by the Board in 1975 and provides:

"A request for hearing may be dismissed for want of prosecution *where the party requesting the hearing occasions a delay of more than 90 days without good cause.*" (Emphasis supplied.)

At the time Bunch Tire requested a hearing, it was a practice of the Board to issue orders to show cause under the rule to dispose of matters pending consideration or resolution which had not seen any activity for an extended period of time. If there was no response to the order, the case would be dismissed. If a new request for a hearing was submitted, that was considered satisfactory compliance with the order. *See Fulgham v. SAIF,* 63 Or App 731, 734-35, 666 P2d 850 (1983). We hold that the dismissal of the case in issue was error on this record.

OAR 436-83-310 vests the Board, and thus the Hearings Division, with authority to dismiss a party's request for hearing for want of prosecution, "where *the party requesting the hearing occasions a delay* of more than 90 days without good cause." (Emphasis supplied.) There is no evidence in the record to indicate that Bunch Tire was in any way responsible for the delay in setting the hearing. On the contrary, other than the initial acknowledgement of Bunch Tire's request for a hearing, it was the Hearings Division that failed to contact

Bunch Tire until nearly one year later. The Board, in promulgating OAR 436-83-310, limited its discretion and must act in accordance therewith. *See Wyers v. Dressler,* 42 Or App 799, 807-08, 601 P2d 1268 (1979). Without a showing that defendant was responsible for any delay, the Hearings Division exceeded this self-imposed limitation in dismissing Bunch Tire's request for a hearing.

It follows that Bunch Tire has not been shown to be a noncomplying employer and, because it has not, there was no predicate for the trial court's grant of summary judgment to the Department.

Reversed.