Argued and submitted September 24, 1990, affirmed in part; otherwise reversed and remanded March 6, reconsideration denied June 26, petition for review denied August 20, 1991 (312 Or 80)

In the Matter of the Compensation of
Dave G. Owen, Claimant,

*and*

In the Matter of the Complying Status of
Charles W. and Minerva A. Blain,
dba Wesco Trucking, Employer.

Charles W. BLAIN
and Minerva A. Blain,
dba Wesco Trucking,
*Petitioners,*

*v.*

Dave G. OWEN
and SAIF Corporation,
*Respondents.*

(86-09303; CA A63073)

807 P2d 313

Leeroy O. Ehlers, Pendleton, argued the cause and filed the brief for petitioners.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Dave G. Owen, Hermiston.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Employer seeks review of an order of the Workers' Compensation Board holding that it is a subject employer, that it did not file a request for hearing regarding the compensability of the claim and that, even if it did file a request, it was untimely.

Claimant drove a truck owned by employer in its agricultural trucking business. In September, 1985, while the truck was in a repair shop for repair of a hydraulic lift cylinder, claimant sustained fractured ribs when the cab fell on him. He filed a claim in April, 1986.

On May 22, 1986, the Workers' Compensation Department issued an order declaring employer to be a noncomplying employer. ORS 656.052(2). The department received a letter from employer on June 9, 1986, that reads:

> "In regard to injury of [claimant]. [Claimant] was not employed by [employer.] We furnished [a] truck for [claimant] on a percentage basis. [Employer] furnished maintenance on [the] truck [and] took it to [the] shop to be fixed. [Claimant] was not working for [employer] when he got hurt. [Claimant] *was acting on his own.* [The injury occurred] on Sunday and *he* had *no business even being at* [*the*] *shop* where [the] truck was being fixed. He was supposed to take care of his own insurance and income tax when working." (Emphasis in original.)

SAIF sent claimant a notice of claim acceptance dated July 2, 1986. The Board received the June 9 letter on July 7, 1986, after the department had forwarded it. On July 9, 1986, SAIF sent employer a notice that it had accepted the claim and that employer had 60 days to request a hearing on compensability. On August 30, 1987, the Board received another letter from employer's attorney, dated August 27, 1987:

> "As you may recall, this matter was scheduled for a hearing in Pendleton on February 10, 1987. At that time it developed that there may have been some procedural problems in how the case came before the Hearings Division.
>
> "* * * * *
>
> "It would be requested that this matter be rescheduled for a hearing on any contested issues. As far as the employer is concerned, the issues would be whether the employer was required to provide workers' compensation coverage to the

claimant, and if so, whether the claimant suffered a compensable injury."

A hearing was held on whether employer was a noncomplying employer and on compensability. The referee concluded that, at the time of the injury, claimant was a subject worker and employer was a subject employer. He found that employer's June 9 letter to the department was filed before acceptance of the claim. Citing *Barr v. EBI Companies,* 88 Or App 132, 744 P2d 582 (1987), he concluded that employer's letter was .ineffective as a request for a hearing on compensability. Accordingly, he did not decide the issue of compensability.

The Board affirmed the referee on his determination that claimant was a subject worker and that employer was a subject employer. It concluded that employer "failed to request a hearing regarding the notice of acceptance" and also stated:

"Even if the [June 9 letter] received by the Board on July 7, 1986 is regarded as raising the issue of compensability of claimant's injury, it was filed two days before the claim had been accepted and was therefore * * * ineffective and void [as a request for a hearing on compensability]. *See Barr v. EBI Companies[, supra].*"

The Board did not reach the issue of compensability, because there was "no timely request for hearing." Accordingly, it affirmed the referee.

■    Employer argues that claimant was not a subject worker and that employer was not a subject employer, because claimant was not acting under a contract, received no remuneration and was not acting under the direction and control of employer when he attempted to repair the truck on the date of the injury. Employer confuses the issues of whether claimant was a subject worker and employer was a subject employer, *see* ORS 656.023; ORS 656.027, with the issue of whether claimant was acting within the course of his employment when he was injured, which relates to compensability of the claim. *See* ORS 656.005(7)(a).

There was substantial evidence to support the referee's findings, which were adopted by the Board, that employer hired claimant to drive its truck. He "was paid 25

percent of the gross of the truck during the harvest season," and employer exercised its right to direct and control claimant in various aspects of his work. Therefore, claimant was a "worker" as defined in ORS 656.005(27), and employer was an "employer," as defined in ORS 656.005(13), regardless of whether claimant was acting in the course of his employment when he was injured.

■ Employer contends that "the issue of the compensability of the claim was adequately raised by [its June 9 letter] as well as the further statement of issues contained in [its attorney's] letter of August 27, 1987." ORS 656.283(3) provides the requirements for an effective request for hearing:

> "A request for hearing may be made by any writing, signed by or on behalf of the party and including the address of the party, *requesting the hearing, stating that a hearing is desired,* and mailed to the board." (Emphasis supplied.)

The August letter from employer's attorney to the Board, which expressly stated that a hearing was desired on compensability, met the statutory requirements for a request for hearing. We need not address whether the June letter was also adequate.

■ The remaining question is whether the August letter was timely. It was received by the Board more than a year after SAIF's acceptance of the claim. SAIF concedes that "no statute or rule expressly limits the time within which a noncomplying employer may request a hearing under ORS 656.283 after SAIF's acceptance of a claim." ORS 656.283(1) provides that, "[s]ubject to subsection (2) of this section and ORS 656.319, any party or the director may *at any time* request a hearing on any question concerning a claim."[1] (Emphasis supplied.) However, SAIF contends that, by analogy to the time within which a claimant may request a hearing on an insurer or self-insured employer's denial of a claim for compensation under ORS 656.262(8), we should impose a

---

[1] ORS 656.283(2) applies to a request for hearing by a worker "dissatisfied with an action of the insurer or self-insured employer regarding vocational assistance." ORS 656.319 provides a time limitation for requests for a hearing on "objections by a claimant to denial of a claim for compensation under ORS 656.262," "objections to a determination or notice of closure under ORS 656.268" and "objection by a claimant to a notice of refusal to close a claim under ORS 656.268(3)." ORS 656.319(1), (4) and (5).

60-day time limitation, because failure to do so would "run afoul of important policies of the Workers' Compensation Law as enunciated in *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983)."

In *Bauman*, SAIF accepted a claim and subsequently paid medical benefits for a three-year period. "It was only after claimant attempted to reopen his claim for aggravation that SAIF suddenly reversed its decision and denied compensability for the original claim." 295 Or at 793. The court focused its analysis on ORS 656.262, which, in subsection (6), "gives the insurer or self-insured employer 60 days after notice of the claim in which to accept or deny the claim." 295 Or at 793.

Employer did not accept the claim here. It was SAIF's statutory responsibility to accept or deny the claim, because employer was a noncomplying employer. ORS 656.054(1); *Clark v. Linn*, 98 Or App 393, 397, 779 P2d 203 (1989). Nonetheless, SAIF was not employer's agent. *Bauman* does not apply to the controversy presently existing between employer and SAIF. Employer's right to challenge compensability of the claim does not originate from ORS 656.262, but from ORS 656.283(1). *Clark v. Linn, supra.* The unambiguous language of that section allowed employer to request a hearing on compensability "at any time." *See Satterfield v. Satterfield*, 292 Or 780, 782, 643 P2d 336 (1982). We cannot insert a time limitation; only the legislature can do that. The Board erred in concluding that it could not consider compensability.

Affirmed as to employer's non-complying status; otherwise reversed and remanded for proceedings not inconsistent with this opinion.