In the Matter of the Compensation of
John A. Tallant, Claimant.

TROJAN CONCRETE,
*Petitioner,*

*v.*

John A. TALLANT,
SAIF Corporation, Green Holdings,
Wausau Insurance Company
and Department of Insurance & Finance,
*Respondents.*

(86-08967, 86-02121; CA A65108)

812 P2d 433

Adam T. Stamper, Medford, argued the cause for petitioner. On the brief were H. Scott Plouse and Cowling & Heysell, Medford.

Robert Chapman, Medford, argued the cause for respondent John Tallant. With him on the brief was Black, Chapman, & Webber, Medford.

John Reuling, Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Department of Insurance and Finance. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David Horne, Beaverton, waived appearance for respondents Wausau Insurance Company and Green Holdings.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Employer seeks review of an order of the Workers' Compensation Board invalidating a disputed claim settlement between claimant and employer because SAIF was not a party to the agreement. We affirm.[1]

The Board found that claimant had experienced low back pain while working for employer. On the date of the injury, employer had no workers' compensation insurance. Claimant filed a claim and requested a hearing on the compensability of his injury. The Department of Insurance and Finance (Department) declared employer a noncomplying employer and referred the claim to SAIF for processing. SAIF accepted the claim and notified employer of the acceptance. Employer requested a hearing to contest compensability. SAIF and Department elected not to appear at the hearing. Although no hearing was convened, employer and claimant entered into a disputed claim settlement agreement that provided, in part:

"The parties stipulate as follows:

"(1) That on or about November [26], 1985, claimant filed a Form 801 Report of Occupational Injury or Disease alleging that on November 18, 1985, he injured himself during the course of his employment. The Employer, Trojan Concrete, has denied that Claimant suffered an injury during the course and scope of his employment.

"* * * * *

"(3) That it appears to the parties that a bona fide dispute exists as to the compensability of Claimant's claim and that the matter should be settled by a lump sum payment of $2,500.00 to Claimant under the provisions of ORS 656.289(4).

"(4) That Claimant fully understands the terms and stipulations of this settlement including the fact that his claim is determined to be noncompensable. That he is represented by an attorney, has consulted with the attorney regarding these matters, and does not require a hearing with regard to the denial of his claim provided that it is approved by a Referee of the Workers' Compensation Board.

---

[1] Claimant also entered into a disputed claim settlement with Green Holdings that was affirmed by the Board and is not challenged in this petition for review.

"(5) Claimant's Request for Hearing shall be dismissed with prejudice as to all issues raised or that could have been raised and the Employer's denial of Claimant's claim as being compensable shall be affirmed."

At the time of the settlement, SAIF had paid approximately $10,000 in claim costs. Neither SAIF nor Department was a party to the agreement. The referee approved the agreement, dismissed claimant's request for hearing and affirmed employer's denial. SAIF and Department requested review of the order. Employer moved to dismiss the request for review on the ground that neither SAIF nor Department had standing to request review. The Board denied employer's motion, invalidated the agreement and held that the claim was compensable.

Employer argues that SAIF and Department have no standing to challenge the disputed claim settlement. SAIF and Department contend that SAIF has standing, because it has the statutory obligation to process the claim. They argue that Department has standing because, under ORS 656.283(1),[2] the director "may at any time request a hearing on any question concerning a claim."

■■ Whether "standing" exists depends on a legislative recognition that a particular interest ought to be represented in the statutory proceeding at issue. *People for Ethical Treatment v. Inst. Animal Care,* 102 Or App 276, 280, 794 P2d 1224, *rev allowed* 310 Or 612 (1990). ORS 656.054[3] places the

---

[2] ORS 656.283(1) provides:

"Subject to subsection (2) of this section and ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim."

[3] ORS 656.054 now provides:

"(1) A compensable injury to a subject worker while in the employ of a noncomplying employer is compensable to the same extent as if the employer had complied with ORS 656.001 to 656.794. The director shall refer the claim for such an injury to the State Accident Insurance Fund Corporation within 60 days of the date the director has notice of the claim. A claim for compensation made by such a worker shall be processed by the State Accident Insurance Fund Corporation in the same manner as a claim made by a worker employed by a carrier-insured employer, except that the time within which the first instalment of compensation is to be paid, pursuant to ORS 656.262(4), shall not begin to run until the director has referred the claim to the State Accident Insurance Fund Corporation.

"(2) Whenever a subject worker suffers a compensable injury while in the employ of a noncomplying employer, the director shall, after an order closing the

responsibility on SAIF to process a claim made by a worker employed by a noncomplying employer. Department reimburses SAIF for its expenditures from the Industrial Accident Fund. Under ORS 656.054(3), all costs of processing a claim, including compensation awarded to the claimant, are a liability of the noncomplying employer. ORS 656.262(7) requires SAIF to send notice of acceptance or denial of the claim to the noncomplying employer. Those responsibilities and the Department's pecuniary interest show that the legislature has recognized that SAIF and Department have standing to seek review of the disputed claim settlement to which they were not parties.[4]

■ Employer contends that SAIF and Department waived their right to challenge the settlement by failing to appear at the hearing. A waiver is the intentional relinquishment of a known right. *Drews v. EBI Companies,* 310 Or 134, 150, 795 P2d 531 (1990). SAIF had previously accepted the claim. Although SAIF and Department waived the right to appear at the hearing requested by employer, there was no hearing convened and SAIF and Department were not informed that the parties intended to negotiate a settlement. We hold that SAIF and Department did not waive their party status under these circumstances.

---

claim has become final, serve upon the employer a notice of proposed penalty to be assessed pursuant to ORS 656.735(3).

"(3) In addition to, and not in lieu of, any civil penalties assessed pursuant to ORS 656.735, all costs to the Industrial Accident Fund of a claim processed under subsection (1) of this section shall be a liability of the noncomplying employer. Such costs include compensation, reasonable administrative costs and any attorney fees awarded to the claimant, but do not include assessments for reserves in the Insurance and Finance Fund. The director shall recover such costs from the employer. The director shall provide by regulation for the Insurance and Finance Fund to reimburse, on a periodic basis, the Industrial Accident Fund for any costs it incurs under this section. When the director prevails in any action brought pursuant to this subsection, the director is entitled to recover from the noncomplying employer court costs and attorney fees incurred by the director."

There have been amendments to the statute since the disputed claim settlement, but none pertains to this case.

[4] We note that, after the date of the settlement, the Board amended OAR 438-05-040(10) to provide:

" 'Party' means a claimant, an employer, including a noncomplying employer, the SAIF corporation as processing agent in cases under ORS 656.054, and an insurer."

Employer next argues that the Board erred in holding that it did not have authority to enter into a disputed claim settlement with claimant. SAIF and Department acknowledge that employer, as a noncomplying employer, was entitled to request a hearing on the issue of compensability after SAIF had accepted the claim. *Clark v. Linn,* 98 Or App 393, 779 P2d 203 (1989). SAIF and Department contend, however, that a noncomplying employer's right to have the question of compensability determined does not include the right to settle a disputed claim without SAIF's consent.

■    ORS 656.289(4) provides, in part:

"[I]n any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

Under ORS 656.005(19), employer was a party to the workers' compensation proceeding and had a right, under ORS 656.283(1), to request a hearing to contest compensability. However, because employer is a noncomplying employer, the primary responsibility for processing and payment of the claim lies with SAIF and Department, who are therefore also parties to the proceeding. No settlement can be binding under ORS 656.289(4) without all parties agreeing to it. Employer is not an agent for SAIF and Department and, therefore, had no authority to bind them. The Board did not err in holding the agreement void.

■    Finally, employer contends that the Board exceeded its statutory authority under ORS 656.295 by deciding the matter of compensability, instead of remanding it to the referee for a determination, and that the Board erred in finding the claim compensable. Employer does not dispute the Board's finding that the record was sufficient to allow it to address the issue of compensability. Under ORS 656.295(6), the Board may "supplement the order of the referee and make such disposition of the case as it determines to be appropriate."

There is substantial evidence to support the Board's holding that the claim was compensable.

Affirmed.