Argued and submitted July 26, reversed and remanded September 11, 1991

In the Matter of the Compensation of
Eddie Borrego, Claimant,

*and*

In the Matter of the Complying Status of
Morris Salter, Employer.

Morris SALTER,
*Petitioner,*

*v.*

SAIF CORPORATION
and Eddie Borrego,
*Respondents.*

(88-18219 and 88-18220; CA A67685)

816 P2d 1208

Paul A. Dakopolos, Salem, argued the cause for petitioner. With him on the brief was Garrett, Seideman, Hemann, Robertson, Paulus, Jennings & Comstock, P.C., Salem.

David L. Runner, Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent Borrego.

718

Before Buttler, Presiding Judge, and Richardson and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant was allegedly injured while working for the putative employer, Morris Salter (Salter). The Compliance Section of the Workers' Compensation Division issued a proposed order finding that Salter was a noncomplying employer and requesting that SAIF process the claim pursuant to ORS 656.054. Salter requested a hearing as to the order of noncompliance. SAIF denied the claim. Salter issued his own denial, and claimant's attorney requested a hearing on Salter's denial. After that, SAIF rescinded its denial. It did not notify Salter of his right to request a hearing on the question of compensability, as required by *former* OAR 436-80-060(1)(d).

SAIF waived appearance at the hearing. The parties tried the issues of compliance and compensability to the referee. The referee found that claimant was the employee of Salter. She further found that claimant had not met his burden to show that he was injured in the course of his employment with Salter. Although the referee did not expressly hold that Salter was a noncomplying employer, that conclusion is implicit in her holding that claimant was an employee of Salter, as there has never been a contention made that he is not a subject worker and Salter admits that he had no workers' compensation insurance.

The Board decided that the referee lacked jurisdiction to consider whether the claim was compensable. Relying on *Clark v. Linn,* 98 Or App 393, 779 P2d 203 (1989), the Board held that Salter had no authority to deny the claim; accordingly, the denial was invalid and without effect, and claimant's request for hearing on that denial was a nullity and did not give the referee "jurisdiction" over the question of compensability. Salter had not requested a hearing on SAIF"s ultimate acceptance of the claim and the Board believed that the compensability of the claim had not been put to issue by Salter's request for hearing on the noncomplying employer order. It held that the only issue before the referee had been the question of compliance, and stated that, in such a case, its only function is to appoint a referee to hold a hearing. The order of the referee then becomes the order of the Director, which is reviewable by the Court of Appeals. ORS 656.740(4). Believing that the referee had not reached

the issue of compliance, the Board remanded the case to the referee for a determination of that question. Salter seeks review.

SAIF argues that, because Salter had made no written request for hearing on the question of compensability as required by ORS 656.283(3),[1] the matter was not properly before the referee.[2] We conclude that the question of compensability was properly before the referee. As we have said, the referee implicitly concluded that Salter was non-complying. Although it is true that employer did not file a written request for hearing on compensability, the requirements of ORS 656.283(3) are not jurisdictional. The question of compensability was raised orally and was tried to the referee without objection by SAIF or claimant. Thus, although the question of compensability had not been raised by Salter before the hearing, Salter did raise the issue at the hearing, and that was sufficient to put it to the referee. The Board erred in holding that the question of compensability was not properly before the referee. On remand, it should consider that question, *de novo*.

Reversed and remanded.

---

[1] *ORS 656.283* provides, in part:

"[A]ny party or the director may at any time request a hearing on any question concerning a claim.

"* * * * *

"(3) A request for hearing may be made by any writing, signed by or on behalf of the party and including the address of the party, requesting the hearing, stating that a hearing is desired, and mailed to the board."

[2] In its brief, SAIF originally conceded that the Board erred in concluding that the referee did not have jurisdiction to consider the compensability of the claim, in light of the fact that the statutes provide no deadline within which an employer may request a hearing on compensability, *but see* OAR 436-80-060(2)(d), and the matter had been tried to the referee. At oral argument, SAIF withdrew its concession.