Argued and submitted May 18, 1992, affirmed April 21, 1993

In the Matter of the Compensation of
Nancy P. Magnuson, Claimant.

## CNA INSURANCE COMPANIES
and Litton Industries,
*Petitioners,*

*v.*

Nancy P. MAGNUSON,
*Respondent.*

(WCB 90-21930; CA A72359)

850 P2d 396

Charles L. Lisle, McMinnville, argued the cause for petitioners. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Charles H. Seagraves, Jr., Grants Pass, argued the cause for respondent. With him on the brief was Myrick, Seagraves, Adams and Davis, Grants Pass.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Employer petitions for review of an order of the Workers' Compensation Board holding that its retroactive denial of claimant's previously accepted claim was improper. It argues that the Board erroneously interpreted and applied ORS 656.262(6). We affirm.

Claimant filed a claim for compensation in January, 1989, asserting that exposure to soldering fumes at work caused her to have respiratory problems. Two physicians, Sinclair and Montanaro, examined claimant. Neither physician could state, to a medical probability, that claimant's work exposure was the major contributing cause of her respiratory conditions. Nevertheless, after receiving both doctors' reports, employer accepted claimant's claim for "lung irritant exposure" on June 28, 1989. One year later, in June, 1990, the claim was closed by determination order with an award of unscheduled permanent partial disability.

In May, 1990, ORS 656.262 was amended to allow previously accepted claims to be denied under certain circumstances. The amendments became effective July 1, 1990. In October, 1990, employer sought and obtained a letter from Sinclair regarding claimant's condition. On the basis of that letter, it issued a denial of the claim pursuant to ORS 656.262(6).

Claimant requested a hearing on the denial. The referee found that the "back-up" denial was improper under ORS 656.262(6) and imposed penalties pursuant to ORS 656.262(10). The Board affirmed and adopted the referee's decision regarding the propriety of the denial but reversed, in part, the referee's assessment of penalties.

■ Employer assigns error to the Board's interpretation and application of ORS 656.262(6), which provides, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim. *However, if the insurer or self-insured employer accepts a claim in good faith but later obtains evidence that the claim is not compensable or evidence that the paying agent is not responsible for the claim, the insurer or self-insured employer, at any time up to two*

*years from the date of claim acceptance, may revoke the claim acceptance and issue a formal notice of claim denial.* However, if the worker requests a hearing on such denial, the insurer or self-insured employer must prove by clear and convincing evidence that the claim is not compensable or that the paying agent is not responsible for the claim." (Emphasis supplied.)

Employer argues that Sinclair's letter confirming his earlier report, in the light of new case law about the standards for determining occupational diseases, constitutes the "later obtain[ed] evidence" required by the statute. The Board interpreted the statute's requirement for later obtained evidence to mean *new* material obtained *"after* the acceptance of the claim." The Board found that Sinclair's October letter did not meet that requirement, because it essentially expressed the same opinion given in the earlier report. The Board also rejected employer's argument that new interpretations of the law constitute new material warranting a back-up denial under ORS 656.262(6).

The amendment allowing back-up denials specifically sought to change the law articulated in *Bauman v. SAIF*, 295 Or 788, 670 P2d 1027 (1983). Tape recording, Joint House and Senate Committee, 1990 Special Legislative Session, May 3, 1990, Tape 1, Side B at 275. In *Bauman,* the court held that a retroactive denial was proper only in cases of fraud, misrepresentation or other illegal activity by the claimant. Because the burden for justifying retroactive denials was high, the drafters believed that insurers had a tendency to deny claims from the outset:

"So what has happened is a number of insurers and self-insured employers have denied claims because they know they can never turn around and deny them if evidence comes in at a later date." Tape Recording, Joint House and Senate Committee, 1990 Special Legislative Session, May 3, 1990, Tape 1, Side B at 275.

An integral part of the legislature's concern about "nervous denials" was that evidence substantiating a denial might develop after an acceptance of the claim, because the time for accepting or denying claims was relatively short.

■ Given the legislative history, the Board's interpretation of the statute is consistent with the legislative policies

underlying the amendment. The legislature intended that evidence warranting a retroactive denial "come about" after the insurer's original acceptance. We agree with the Board's interpretation that the statute requires new material, *i.e.*, something other than the evidence that the insurer had at the time of the initial acceptance. The letter that employer offers as new evidence merely repeats the doctor's earlier report that he was unable to determine whether the work environment was the major contributing cause of claimant's respiratory problems.

■ We also agree with the Board's rejection of employer's contention about new interpretations of the law. Employer's argument is, essentially, that it properly accepted the claim on the basis of the medical reports under then existing interpretations of the burden of proving an occupational disease. When that interpretation was changed, the existing medical reports take on new significance. However, a reevaluation of known evidence, for whatever reason, is not "later obtain[ed] evidence" under ORS 656.262(6).

Affirmed.