Argued and submitted January 26, vacated in part; otherwise affirmed
August 25, Astleford's petition for reconsideration and SAIF's petition for
reconsideration denied December 22, 1993, Astleford's petition for review denied,
SAIF's petition for review allowed January 18, 1994 (318 Or 325)

In the Matter of the Compensation of
Robert L. Wells, Claimant.

Ronald ASTLEFORD,
*Petitioner,*

*v.*

SAIF CORPORATION,
Tillamook County Creamery Association
and Robert L. Wells,
*Respondents.*

(WCB 90-18739, 90-19654; CA A75105)

858 P2d 877

William J. Blitz, Eugene, argued the cause for petitioner. With him on the brief were David O. Wilson and Employers Defense Counsel, Eugene.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ronald Atwood, Portland, argued the cause for respondent Tillamook County Creamery Association. With him on the brief was Williams Zografos Peck & Atwood, Portland.

No appearance by respondent Robert L. Wells.

Before Warren, Presiding Judge, and Edmonds and De Muniz, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of a Workers' Compensation Board order refusing to remand for a hearing and approving a disputed claim settlement (DCS) entered into by the Department of Insurance and Finance (DIF), SAIF and claimant. We vacate the portion of the order approving the DCS, and otherwise affirm.

This case presents a somewhat complex procedural history. It centers around two injuries suffered by claimant. We set forth separately the facts related to each injury.

On September 16, 1988, claimant injured his left shoulder. He filed a claim against employer concerning that injury. On December 22, 1988, DIF entered a proposed order declaring that employer was a noncomplying employer, ORS 656.052(2), and notified employer that, if he disagreed, he could request a hearing within 20 days after receipt of the order. ORS 656.740(1). More than 20 days later, employer requested a hearing. The referee dismissed that request as untimely. Employer appealed to the Board, but later withdrew the appeal.

After determining that employer was a noncomplying employer, DIF referred the claim to SAIF for processing. ORS 656.054(1). On January 16, 1989, SAIF accepted the claim and notified employer that he had 60 days to request a hearing on compensability. Employer did not request a hearing. On August 21, 1990, he instead issued claimant a notice disclaiming responsibility, on the ground that SAIF's insured, Tillamook County Creamery Association (TCCA), was the employer responsible for providing claimant workers' compensation coverage. On October 17, 1990, claimant requested a hearing on the denial of responsibility. That request was assigned case number WCB 90-19654.

On November 27, 1990, SAIF denied compensability of claimant's left shoulder condition on behalf of its insured, TCCA. Claimant requested a hearing on that denial.[1]

The second injury was to claimant's left hand on July 27, 1990. His physician notified SAIF of that injury. On

---

[1] That request for hearing was not assigned a separate case number.

September 7, as processing agent for DIF, SAIF issued a denial of claimant's claim for his left wrist condition on the ground that that condition was not the result of the accepted left shoulder condition. Claimant requested a hearing on that denial. That request was assigned case number WCB 90-18739.

The referee consolidated the two cases for hearing. Employer filed a motion to join TCCA and SAIF, again asserting that TCCA was the employer responsible for providing insurance coverage. The referee denied the motion. On March 26, 1991, claimant and SAIF filed a motion to dismiss both claimant's request for hearing in WCB 90-19654 and his request for a hearing on SAIF's November 27, 1990, denial. The next day, without employer's consent, DIF, SAIF and claimant entered into a DCS that awarded claimant $28,000. They stipulated that a bona fide dispute existed among them over the compensability of a claim and that they resolved that dispute pursuant to ORS 656.289(4). The referee approved the DCS and dismissed, with prejudice, claimant's requests for hearing in both cases. On appeal to the Board, employer argued that the dismissal order should be set aside and the case remanded for a hearing on the question of who should provide insurance coverage under ORS 656.029(1).[2] He also argued that he should be allowed to approve the DCS or at least be heard on it. The Board affirmed the referee.

Employer first argues that the Board erred in refusing to remand for a hearing on his ORS 656.029 argument. That argument, in essence, is that he was not a noncomplying employer. Employer relies on ORS 656.283(1) and *Blain v.*

---

[2] ORS 656.029(1) provides:

"If a person awards a contract involving the performance of labor where such labor is a normal and customary part or process of the person's trade or business, the person awarding the contract is responsible for providing workers' compensation insurance coverage for all individuals, other than those exempt under ORS 656.027, who perform labor under the contract unless the person to whom the contract is awarded provides such coverage for those individuals before labor under the contract commences. If an individual who performs labor under the contract incurs a compensable injury, and no workers' compensation insurance coverage is provided for that individual by that person who is charged with the responsibility for providing such coverage before labor under the contract commences, that person shall be treated as a noncomplying employer and benefits shall be paid to the injured worker in the manner provided in this chapter for the payment of benefits to the worker of a noncomplying employer."

*Owen*, 106 Or App 285, 807 P2d 313, *rev den* 312 Or 80 (1991). Under the facts of this case, we conclude that the Board correctly refused to remand.

■ When DIF issued the order declaring employer to be a noncomplying employer, it notified him of the right to request a hearing. Had employer timely exercised that right, the issue that he claims should be determined on remand would have been decided at that time. He did not. Consequently, the order became final, and neither the Board nor we can review it. ORS 656.740(1) and (3);[3] *Brown v. Bunch Tire Bailer, Inc.*, 73 Or App 250, 254, 698 P2d 522 (1985).

■ ORS 656.283(1) does not assist employer. That statute gives the parties in a workers' compensation proceeding a right to request a hearing at any time "on any question concerning a claim." It is general in nature. On the other hand, ORS 656.740(1) and (3) deal specifically with the right of an employer to contest noncomplying status and the time frame for doing so. We apply ORS 656.740(1) and (3), the specific provisions. ORS 174.020; *Perlenfein and Perlenfein*, 316 Or 16, 20, 848 P2d 604 (1993). Employer's reliance on *Blain v. Owen, supra*, is also misplaced. There, we interpreted ORS 656.283(1) to allow a noncomplying employer to challenge compensability of a claim. Here, however, the hearing that employer requested does not concern compensability, but rather his noncomplying status. The Board did not err in denying that request.[4]

---

[3] ORS 656.740 provides, in part:

"(1) A person may contest a proposed order of the director declaring that person to be a noncomplying employer, * * * by filing with the department, within 20 days of receipt of notice thereof, a written request for a hearing. * * * An order by the director under this subsection is prima facie correct and the burden is upon the employer to prove that the order is incorrect.

"* * * * *

"(3) A hearing relating to a proposed order declaring a person to be a noncomplying employer, * * * shall be held by a referee of the board's Hearings Division; but a hearing shall not be granted unless a request for hearing is filed within the period specified in subsection (1) of this section, and if a request for hearing is not so filed, the order * * * as proposed shall be a final order of the department and shall not be subject to review by any agency or court."

[4] Employer also argues that claim or issue preclusion does not bar him from challenging his noncomplying status. We need not decide that issue, because we conclude that we cannot review his challenge under ORS 656.740(1) and (3).

Employer next argues that the Board erred in approving the DCS entered into by DIF, SAIF and claimant. He relies on ORS 656.289(4), which provides:

"Notwithstanding ORS 656.236, in any case where there is a bona fide dispute over compensability of a claim, the parties may, with the approval of a referee, the board or the court, by agreement make such disposition of the claim as is considered reasonable."

■■ Employer argues that "the parties" include a non-complying employer. We agree. ORS 656.005(20) defines "party" to include "the employer of the injured worker at the time of injury[.]" OAR 438-05-040(10) is more specific: " 'Party' means * * * an employer, including a noncomplying employer[.]" In *Trojan Concrete v. Tallant*, 107 Or App 429, 434, 812 P2d 433, *rev den* 312 Or 151 (1991), we stated that a noncomplying employer was a party and that "[n]o settlement can be binding under ORS 656.289(4) without all parties agreeing to it." Neither TCCA nor SAIF addresses employer's argument concerning the applicability of ORS 656.289(4). We conclude that, under that statute, DIF, SAIF and claimant could not enter into a valid DCS without employer's consent.

TCCA and SAIF nonetheless argue that they can settle without employer's consent pursuant to ORS 656.054, which provides, in part:

"(1)  A compensable injury to a subject worker while in the employ of a noncomplying employer is compensable to the same extent as if the employer had complied with this chapter. * * * A claim for compensation made by such a worker shall be processed by the State Accident Insurance Fund Corporation in the same manner as a claim made by a worker employed by a carrier-insured employer * * *. *At any time within which the claim may be accepted or denied as provided in ORS 656.262, the employer may request a hearing to object to the claim. If an order becomes final holding the claim to be compensable, the employer is liable for all costs imposed by this chapter, including reasonable attorney fees to be paid to the worker's attorney for services rendered in connection with the employer's objection to the claim.*

"* * * * *

"(3)  * * * all costs to the Industrial Accident Fund of a claim processed under subsection (1) of this section shall be a

liability of the non-complying employer. Such costs include compensation, reasonable administrative costs and any attorney fees awarded to the claimant * * *." (Emphasis supplied.)

■ Although both TCCA and SAIF rely on ORS 656.054, their reasoning is different. ORS 656.054(1) provides that SAIF shall process a claim against a noncomplying employer in the same manner as it processes a claim against a complying employer. TCCA thus reasons that, although a complying employer can influence an insurer's settlement of a claim through its insurance contract, a noncomplying employer cannot, because it does not pay premiums. It argues, therefore, that "[t]here is no statutory basis for the noncomplying employer to challenge the settlement." We disagree. Although ORS 656.054(1) gives SAIF the authority to accept or deny a claim that is filed against a noncomplying employer, it does not say that it can settle a claim without the noncomplying employer's consent. Especially in light of ORS 656.289(4), we conclude that the legislature intended that a noncomplying employer be a party to any proposed DCS.[5]

■ Unlike TCCA, SAIF focuses its argument only on the emphasized language of ORS 656.054(1). It argues that, after it accepted claimant's left shoulder claim, it notified employer of his right to request a hearing on compensability, but that he failed to make such a request. It argues that employer is therefore liable for "all costs imposed" under ORS 656.054(1), and that he has no right to approve or disapprove the settlement. SAIF misconstrues ORS 656.054(1). The emphasized language of ORS 656.054(1) was enacted as part of House Bill 2726 and became effective on July 25, 1991. Or Laws 1991, ch 679, § 1. The amendment does not provide that it applies retroactively. Therefore, the 1991 change does not apply here, because claimant suffered his injuries in 1988 and 1990.[6] *See Barnes v. City of Portland*, 120 Or App 24, 27, 852

---

[5] In affirming the settlement order, the Board relied on *Jerry J. Johnson*, 43 Van Natta 2758 (1991), which held that SAIF had the authority to enter into a settlement on behalf of a noncomplying employer. On review, neither TCCA nor SAIF cites *Johnson* as authority. In *Johnson*, the Board did not discuss the effect of ORS 656.289(4).

[6] Even if the 1991 amendment to ORS 656.054 applies, that does not necessarily lead to the conclusion that a noncomplying employer need not be "party" to a settlement. SAIF's argument would carve out an exception to ORS 656.289(4),

P2d 265 (1993); *see also Thorpe v. Seige Logging*, 115 Or App 335, 339, 838 P2d 628 (1992), *rev den* 315 Or 313 (1993). Before the 1991 amendment, the law allowed a noncomplying employer to request a hearing on compensability of a claim "at any time." ORS 656.283(1); *Blain v. Owen, supra,* 106 Or App at 289; *Clark v. Linn*, 98 Or App 393, 397, 779 P2d 203 (1989); *see also Salter v. SAIF*, 108 Or App 717, 720, 816 P2d 1208 (1991). Because there is no statutory basis on which DIF, SAIF and claimant could enter into a DCS without employer's consent, the Board erred in approving it.[7]

The portion of the order approving the DCS vacated; otherwise affirmed.

---

which the legislature did not make. Further, that a noncomplying employer is liable for "all costs imposed" does not mean that the employer is liable for all amounts imposed by a DCS to which the employer is not a party. Here, if employer were liable under ORS 656.054(1), he would be liable only for the costs relating to the 1988 injury, not the one sustained in 1990, because it was the 1988 injury on which he failed to request a hearing. However, the DCS shows that DIF, SAIF and claimant settled both the 1988 and 1990 injuries.

[7] We note that the DCS contained a back-up denial by SAIF concerning the 1988 injury. In light of our disposition, that issue may arise again. However, it is not clear whether ORS 656.262(6) applies, *see CNA Ins. Co. v. Magnuson*, 119 Or App 282, 850 P2d 396 (1993), and if it does, whether SAIF has the responsibility to issue a back-up denial when it processes a claim on behalf of a noncomplying employer.