Argued and submitted March 10, decision of the Court of Appeals affirmed; order of the Workers' Compensation Board vacated in part and otherwise affirmed; case remanded to the Workers' Compensation Board for further proceedings June 23, 1994

In the Matter of the Compensation of Robert L. Wells, Claimant.

Ronald ASTLEFORD,
*Respondent on Review,*

*v.*

SAIF CORPORATION,
*Petitioner on Review,*

*and*

TILLAMOOK COUNTY CREAMERY ASSOCIATION
and Robert L. Wells,
*Respondents,*

*and*

DEPARTMENT OF INSURANCE AND FINANCE,
*Intervenor.*

(WCB 90-18739, 90-19654; CA A75105; SC S40854)

874 P2d 1329

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

William J. Blitz, of Employers Defense Counsel, Eugene, argued the cause for respondent on review. David O. Wilson filed the response to the petition.

GRABER, J.

## GRABER, J.

The question in this workers' compensation case is whether, under ORS 656.289(4) (set out in full below), an employer who has not complied with the provisions of the Workers' Compensation Law, ORS chapter 656, is a "party" who "may * * * by agreement" settle a disputed workers' compensation claim. We answer that question "yes."

In September 1988, claimant injured his left shoulder. He filed a workers' compensation claim. In December 1988, the Department of Insurance and Finance[1] (DIF) entered a proposed order, pursuant to ORS 656.052(2), declaring that claimant's employer, Ronald Astleford (Employer), was a noncomplying employer. Employer did not contest the proposed order within the 20-day period provided by ORS 656.740. Pursuant to ORS 656.054(1), DIF referred the claim to the State Accident Insurance Fund Corporation (SAIF), which accepted it and notified Employer of its right to request a hearing. Employer did not request a hearing. Later, however, Employer issued a notice to claimant disclaiming responsibility for claimant's injury, on the ground that Tillamook County Creamery Association (TCCA) was the responsible employer. Claimant requested a hearing. In November 1990, SAIF denied compensability of claimant's left shoulder injury. Claimant requested a hearing on that denial.

In July 1990, while still working for Employer, claimant injured his left hand. He filed a new workers' compensation claim for that injury. In September 1990, SAIF denied the claim. Claimant requested a hearing on that denial also. At the time of the 1990 injury, Employer still was noncomplying.

The referee consolidated the two claims for hearing. Employer filed a motion to join TCCA and SAIF, again asserting that TCCA was the responsible employer. The referee issued an order denying the motion. Pursuant to ORS 656.289(4), claimant, DIF, and SAIF then entered into a disputed claim settlement (DCS) agreement awarding claimant $28,000. Consistent with the terms of the DCS agreement, claimant and SAIF filed a motion to dismiss both of

---

[1] That department later was renamed the Department of Consumer and Business Services.

claimant's requests for hearings. The referee approved the DCS agreement and dismissed claimant's requests for hearings.

Pursuant to ORS 656.295, Employer appealed to the Board. Employer argued that the referee erred in denying his motion to join TCCA and SAIF in the claim and that, as a "party" within the meaning of ORS 656.005(20), Employer was entitled, under ORS 656.289(4), to participate in the making of the DCS agreement. The Board by final order affirmed the referee's holdings, which approved the DCS agreement, dismissed claimant's requests for hearings, and denied Employer's motion.

Employer then filed a petition for judicial review of the Board's final order pursuant to ORS 656.298. Employer argued that the Board erred in not remanding the case for a hearing to determine his status as a noncomplying employer. In the alternative, Employer again argued that, under ORS 656.289(4), he was a party who was entitled to participate in the making of the DCS agreement.

The Court of Appeals held that the Board did not err in denying Employer's request for a remand, because Employer had failed to exercise in a timely manner his right to a hearing on the issue of his status as a noncomplying employer. *Astleford v. SAIF*, 122 Or App 432, 435-36, 858 P2d 877 (1993).[2] The Court of Appeals concluded, however, that the term "parties" in ORS 656.289(4) includes a noncomplying employer and that, as a result, Employer was entitled to participate in the making of the DCS agreement. *Id.* at 436-39. The court vacated the portion of the Board's order approving the DCS agreement and affirmed the remainder of the Board's order. *Id.* at 439.

---

[2] The Court of Appeals reasoned, in part:

"Employer first argues that the Board erred in refusing to remand for a hearing on his ORS 656.029 argument. That argument, in essence, is that he was not a noncomplying employer. * * *

"When DIF issued the order declaring employer to be a noncomplying employer, it notified him of the right to request a hearing. Had employer timely exercised that right, the issue that he claims should be determined on remand would have been decided at that time. He did not. Consequently, the order became final, and neither the board nor we can review it." 122 Or App at 435-36.

SAIF petitioned this court for review of that part of the Court of Appeals' decision vacating the DCS agreement.[3] We allowed SAIF's petition and now affirm the decision of the Court of Appeals.

■ This court has not previously considered whether, under ORS 656.289(4), a noncomplying employer is a "party" who "may * * * by agreement" settle a disputed workers' compensation claim. In interpreting a statute, the court's task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The best evidence of the legislature's intent is the text of the statute. *Id.* at 610-11. Also at the first level of analysis, the court considers the context of the statutory provision at issue, including other provisions of the same statute and other statutes relating to the same subject. *Ibid.* If the intent of the legislature is not clear from the text and context of the statute, the court considers the legislative history of the statute. *Id.* at 611-12. If the intent of the legislature remains unclear after the completion of the foregoing inquiries, the court may resort to general maxims of statutory construction for assistance in resolving the remaining uncertainty. *Id.* at 612.

ORS 656.289(4) provides:

> "Notwithstanding ORS 656.236 [relating to disposition by the parties of matters other than medical services], in any case where there is a bona fide dispute over compensability of a claim, *the parties may,* with approval of a referee, the board or the court, *by agreement make such disposition of the claim as is considered reasonable.*" (Emphasis added.)

ORS 656.289(4) does not inform us expressly whether a noncomplying employer is a "party" who is entitled to participate in the making of a DCS agreement.

The Workers' Compensation Law contains a general definition section, however. *See* ORS 656.005 (providing definitions for the Workers' Compensation Law). In addition, ORS 656.003 provides that "the definitions given in this chapter govern its construction," "*[e]xcept where the context*

---

[3] Employer petitioned this court for review of the Court of Appeals' decision in respect to the Board's denial of Employer's request for a remand, quoted in note 2, above. This court did not allow review of that issue.

*otherwise requires*." (Emphasis added.) We therefore next examine the definitions provided for the chapter and then consider whether "the context * * * requires" that they not govern in the circumstances presented here.

ORS 656.005(20) defines a "party" as

"a claimant for compensation, *the employer of the injured worker at the time of the injury* and the insurer, if any, of such employer." (Emphasis added.)

That definition informs us that the term "parties" in ORS 656.289(4) includes "employers." Various provisions of the Workers' Compensation Law inform us as to the meaning of the term "employer." ORS 656.005(13) defines "employer" as

"any person * * * who contracts to pay a remuneration for and secures a right to direct and control the services of any person."

ORS 656.005(25) defines "subject employer" as

"an employer who is subject to this chapter as provided by ORS 656.023."

ORS 656.023 provides:

"Every employer employing one or more subject workers[4] in the state is subject to this chapter."

Finally, ORS 656.005(18) defines "noncomplying employer" as

"a subject employer who has failed to comply with ORS 656.017 [setting out methods of maintaining workers' compensation insurance]."

Taken together, the foregoing statutory definitions suggest that the term "employer," as used in ORS chapter 656, has a broad meaning encompassing all persons, whether or not they comply with the requirements of the Workers' Compensation Law, who "contract[] to pay a remuneration for and secure[] a right to direct and control the services of any person" who is a "subject worker" within the meaning of

---

4 ORS 656.005(26) defines "subject worker" as "a worker who is subject to this chapter as provided by ORS 656.027." ORS 656.027 provides that "[a]ll workers are subject to this chapter," except certain described categories of nonsubject workers, none of which is relevant here.

the chapter. Because claimant in this case is a subject worker within the meaning of ORS chapter 656 and because Employer contracted to pay remuneration to claimant and secured a right to direct and control his services, Employer, although noncomplying, appears to be an "employer" within the meaning of ORS chapter 656. As a result, Employer also appears to be a "party" within the general meaning of that chapter.

In accordance with ORS 656.003, quoted above, we next inquire whether "the context * * * requires" that the term "parties" in ORS 656.289(4) be given a different meaning than the one suggested by the general definition of "party" in ORS chapter 656. In order to conduct that inquiry, we must consider how restrictive a test the legislature intended when it provided in ORS 656.003 that the listed definitions apply "[e]xcept where the context otherwise requires."

This court applied that exception clause of ORS 656.003 in *SAIF v. Stephen*, 308 Or 41, 774 P2d 1103 (1989), a workers' compensation case. In *Stephen*, the court was called on to decide whether the claimant was a "worker" within the meaning of a particular provision of the Workers' Compensation Law, even though she did not fit the statutory definition of that term. Noting that the statutory definitions provided in that act apply "except where the context otherwise requires," ORS 656.003, the court examined the structure and purpose of the workers' compensation statutes to arrive at an answer that best comported with the legislative intent of the scheme as a whole. The court concluded that the claimant was a worker within the meaning of the provision at issue.

■ With respect to ORS 656.003, this court implicitly concluded in *SAIF v. Stephen, supra*, that the legislature did not seek uniformity of definitions unless a different definition is *compelled*, but rather sought uniformity only so far as it is *appropriate* to the sensible functioning of the workers' compensation system as a whole. *See* Webster's Third New Int'l Dictionary 1929 (unabridged ed 1993) ("require" means, among other things, "to call for as suitable or appropriate in a particular case"). *See also Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992) (when Supreme Court construes

a statute, that construction becomes part of the statute). Thus, under ORS 656.003, "the context * * * requires" that a given statutory definition not apply when the context — including the structure and purpose of the workers' compensation scheme as a whole — demonstrates that the use of that given definition would be inappropriate, because the result of such use would conflict with one or more aspects of that structure or purpose. We proceed to apply that standard to the question at hand.

The context of ORS 656.289(4) includes other sections of the same statute and provisions of related statutes. One related statute, ORS 656.283, describes hearing procedures, and it uses the term "party" several times. For example, under ORS 656.283(1), "any party * * * may at any time request a hearing on any question concerning a claim." ORS 656.283(3) explains how a "party" makes the request for a hearing, and ORS 656.283(5) requires notice "to all parties in interest." ORS 656.283(8) allows "[a]ny party" to issue and serve subpoenas. Other sections of ORS 656.289, which also relates generally to hearings and dispute resolution, likewise use the term "party." ORS 656.289(1) provides that, "[u]pon the conclusion of any hearing, or prior thereto with concurrence of the parties," the referee shall make a decision and issue an order within specified time limits. ORS 656.289(2) provides that a copy of the referee's order shall be sent "to all parties in interest." ORS 656.289(3) allows a "party" to request review by the Board.

There is no indication that the legislature intended the term "party" to have a different meaning in ORS 656.289(4) than it has in the other sections of ORS 656.289 and in related statutes. SAIF does not suggest any reason why the term "party" in ORS 656.289(1), (2), and (3) and in ORS 656.283 has other than the statutory meaning provided in ORS 656.005(2), and we can think of none.

SAIF argues, however, that the definition in ORS 656.005(2), if applied to ORS 656.289(4), would conflict with aspects of the purpose of the workers' compensation scheme as a whole. It points to the legislative policies expressed in ORS 656.012(2)(b) and (c): to provide an administrative system that "reduces litigation and eliminates the adversary nature of the compensation proceedings" and "[t]o restore

the injured worker physically and economically to a self-sufficient status in an expeditious manner." It also points to provisions making SAIF the insurer with respect to employees of noncomplying employers, providing that claims against noncomplying employers are to be processed the same way as claims against insured employers, and granting workers' compensation insurers the authority to process claim for their insureds. ORS 656.054(1); 656.262(1). Finally, it points to the legislative policies embodied in ORS 656.576 to 656.596: to deny to noncomplying employers some of the protections afforded to complying employers under the Workers' Compensation Law and to give the paying agency the dominant role in the process of disposing of a claim by a worker against a noncomplying employer.

Those provisions are not sufficient to overcome the statutory definition of "party." The provisions of ORS 656.012(2) are general and hortatory in nature. The provisions of ORS 656.054(1) and 656.262(1) say nothing about the statutory rights of either complying *or* noncomplying employers to participate in the making of a DCS agreement. Finally, the provisions of ORS 656.576 to 656.596, although generally to the benefit of SAIF and injured workers vis-a-vis noncomplying employers, are not inconsistent with the use of the statutory definition of "party," ORS 656.005(20), in ORS 656.289(4). Put differently, either the statutory definition or SAIF's proposed definition of the term "party" would be consistent with the purposes of ORS 656.576 to 656.596.

We conclude, therefore, that the statutory definition of "party" in ORS 656.005(20) applies to ORS 656.289(4). Under ORS 656.289(4), a noncomplying employer is a "party" who "may * * * by agreement make such disposition of the claim as is considered reasonable."

The decision of the Court of Appeals is affirmed. The order of the Workers' Compensation Board is vacated insofar as it approved the disputed claim settlement agreement and is otherwise affirmed. The case is remanded to the Workers' Compensation Board for further proceedings.