Argued and submitted November 3, 2003, affirmed February 25, petition for review denied June 15, 2004 (337 Or 160)

In the Matter of the Compensation of
Keith A. Cooper, Claimant.

## JELD-WEN, INC.,
*Petitioner,*

*v.*

## Keith A. COOPER,
*Respondent.*

00-07921; A119838

84 P3d 1128

Travis L. Terrall argued the cause for petitioner. On the briefs was Lance M. Johnson.

Robert F. Webber argued the cause for respondent. With him on the brief was Black, Chapman, Webber, Stevens & Petersen.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Employer seeks review of an order of the Workers' Compensation Board setting aside employer's denial of claimant's low back claim. We affirm.

Claimant injured his back at work when he fell from a ladder. An MRI taken one month after the injury showed a healed compression fracture in his low back. Employer's consultant, Dr. Courogan, opined that the fall had caused the fracture. Employer accepted the claim. Later, in evaluating a second MRI taken after employer's acceptance of the claim, Courogan changed his opinion and concluded that the compression fracture must have occurred before the fall.

After it received Courogan's second opinion, employer issued an amended acceptance reaffirming its acceptance of the compression fracture. Some six months later, employer denied the fracture. In setting aside the denial, the board considered and rejected employer's assertion that its denial was authorized by ORS 656.262(6)(a), which permits an insurer to revoke an acceptance if it "later obtains evidence" that the claim is not compensable. We also reject employer's contention, made again on review, for the reason that Courogan's second opinion was not "later-obtained" evidence.

*CNA Ins. Co. v. Magnuson,* 119 Or App 282, 850 P2d 396 (1993), is a leading case on the subject of what constitutes "later-obtained" evidence. There, after the employer had accepted the claim, a doctor reiterated his view that he could not state to a medical probability that the claimant's condition was related to her work. We concluded that "[t]he legislature intended that evidence warranting a retroactive denial 'come about' after the insurer's original acceptance," and that the statute "requires new material, *i.e.,* something other than the evidence that the insurer had at the time of the initial acceptance." 119 Or App at 286. We held that a report that "merely repeats the doctor's earlier report" is not new evidence. *Id.* Later, in *Barrett Business Services, Inc. v. Stewart,* 178 Or App 145, 151, 35 P3d 1055 (2001), we said that " '[l]ater obtained evidence' does not include evidence that the employer either had, or in the exercise of reasonable

diligence should have had, at the time of acceptance, nor does it include the restatement, reevaluation, analysis, or confirmation of such evidence."

Here, had employer's first acceptance been the only acceptance of the claim, there might be a question whether Courogan's second opinion was new or "later-obtained" evidence, but we need not decide that question. Employer had Courogan's second opinion almost one month before it reaffirmed its acceptance of the claim in its amended acceptance. We reject without further discussion employer's argument that only the original acceptance of a claim "counts" for purposes of determining whether the evidence was later obtained. Because employer had the second medical opinion before it issued its amended acceptance, it cannot contend that the evidence was later obtained for purposes of ORS 656.262(6)(a).

Affirmed.